JOHN C. CREVELING, Respondent, v. MARY A. P. MAYER and Others, Defendants, Impleaded with LILLIAN MAYER, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

JOSEPH ESPOSITO, Respondent, v. KNIGHT & DEMICCO, INC., and THE CITY OF NEW YORK, Appellants.— Judgment and order reversed upon the law and a new trial granted, costs to abide the event. The court erred in refusals to charge at folios 1002, 1003 and 1004. Lazansky, P. J., Hagarty, Carswell and Tompkins, JJ., concur; Davis, J., dissents and votes to affirm.

TILLIE FIREMAN, Respondent, v. MANNIS BERNSTEIN and Others, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

FRIEDEWALD MORTGAGE CORPORATION, Respondent, v. LINA RICH, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

ADOLPH GOLDBERG, Respondent, v. BERRANS REALTY COMPANY, Also Known as and Designated by BERRANS REALTY CORPORATION, and THE ÆTNA CASUALTY AND SURETY COMPANY, Appellants.— Judgment modified by directing that so much of the amount thereof as remains after paying plaintiff the sum of $4,705.52 and interest and costs be applied toward the payment of the note made by defendant Berrans Realty Company on the 23d of November, 1928, conditioned upon the surrender of the note by plaintiff, or his indorsee, Oxhandler, to defendant Berrans Realty Company and the discontinuance of the case of Oxhandler against Berrans Realty Co., Inc., and another, or the satisfaction of any judgment in that action, if any, and by limiting the liability of defendant The Ætna Casualty and Surety Company in any event to the sum of $7,500, the amount of its undertaking. As so modified the judgment is affirmed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Hagarty, Carswell and Davis, JJ., concur; Kapper, J., dissents upon the ground that the change of material actually installed in the building was not within the terms of the contract, which provided that plaintiff have one-half of any amount that might be saved in the construction. Settle order on notice.